No. 2716.—H. W. GRIBBLE *v.* F. J. HAYNES.

A commission merchant who purchased a mortgage note for one of his customers, for which he charged the amount in his account current, can not afterwards, and after the maturity of the note, transfer it and convey title to a third party. A third party getting possession of the note under such circumstances can only hold it subject to whatever equities might be urged against the original owner.

Where the wife separated in property from her husband, has instructed her factor to purchase a mortgage note having a superior rank to her claim, on the property of her husband, which note the factor transfers to a third party after maturity, she may intervene in the suit to enforce payment, and be declared the true and legal owner thereof.

APPEAL from District Court, parish of East Feliciana. *Posey,* J. *McVea & Hunter,* and *D. J. Wedge,* for plaintiff and appellee. *Cross & Hardee,* for defendant and appellant.

HOWELL, J. This suit was instituted in February, 1868, on a note for $2530, with eight per cent. interest after maturity, dated January 30, 1861, due January 23, 1862, drawn to the order of the maker (the defendant), indorsed by him and J. B. Gribble, at whose office, in New Orleans, it was payable, and secured by mortgage on the plantation of defendant, in East Feliciana. The plaintiff claims ownership by virtue of the said indorsements, and alleges that the defendant recognized his liability on the same while it was in the hands of J. B. Gribble.

The defendant denies any indebtedness to plaintiff, and avers that J. B. Gribble purchased the note from a third party for defandant's wife, who is separate in property, and who has paid for the same by cotton and compensation, and if it was ever transferred to plaintiff, it was so done fraudulently, and long after its maturity.

Mrs. Haynes, the wife, was permitted to intervene and ask to be decreed the owner of said note, upon the grounds that, as the mortgage securing it ranked hers on the property of her husband, she instructed J. B. Gribble, her factor in New Orleans, to purchase it for her, which he did, and on the twenty-fourth of November, 1866, charged her with the price paid in the account current rendered by him, and that she shipped cotton to him to pay for the same, the proceeds of which were applied accordingly.

The said account current, which seems to have been closed on the first of May, 1867, including interest to the first of December following, shows that on the twenty-fourth of November, 1866, J. B. Gribble charged Mrs. Haynes with $1265, cash paid for said note, and that on the fourth and fifth of the next month he placed to her credit the proceeds of seventeen bales cotton, amounting to $1933 12. The evidence in connection with this account leaves little doubt that fourteen bales of this cotton were shipped to said factor to pay the price of this note, and the subsequent refusal of Mrs. Haynes to give her note, as requested, for the balance due the factor on the account rendered by him, did not change the character of the transaction and divest her of the ownership of the note. There was no such stipulation or condition in the mandate to purchase, and the attempt of the agent to transfer the note, long overdue, and held by him for his principal, was unauthorized, and, under the circumstances, could not convey title to the alleged transferee, whose agent was also the agent and clerk of J. B. Gribble at the time of these transactions.

It is therefore ordered that the judgment appealed from be reversed, that the demand of plaintiff be dismissed, and the intervenor, Mrs. M. A. Haynes, be decreed to be the owner of the note on which this suit was instituted; plaintiff to pay costs in both courts.